## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Meat Innovations Inc., and<br>Innovation Trademarks, LLC<br><br>        Plaintiffs,<br><br>   v.<br><br>AVA Companies,<br>AVA Pork Products, Inc.,<br>AVA Beef Products, Inc., and<br>Albert Girgenti<br><br>        Defendants | Civ. Action No. _____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs Meat Innovations Inc. and Innovation Trademarks, LLC ("Plaintiffs"), by and through their attorneys, Foley & Lardner LLP, file this Complaint against defendants AVA Companies, AVA Pork Products, Inc., AVA Beef Products, Inc., and Albert Girgenti ("Defendants"), and herein allege as follows:

### PRELIMINARY STATEMENT

1.      This is an action for infringement of Plaintiffs' federally-registered trademarks, STEAKHOUSE ELITE and KOBE BEEF AMERICA, and the distinctive package design or trade dress of Plaintiff's ground beef products, arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantially related claims of trademark infringement and unfair competition under the statutory and common law of the State of New York, all arising from the Defendants' use of the marks STEAKHOUSE RESERVE and KOBE

BEEF AMERICAN, and associated trade dress, in connection with the production, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' ground beef products.

**PARTIES**

2.      Plaintiff Innovation Trademarks, LLC ("Innovation Trademarks") is a limited liability company formed under the laws of Delaware with a principal place of business at 355 Food Center Drive, Building E-5, Bronx, New York 10474.

3.      Plaintiff Meat Innovations Inc. ("Meat Innovations") is a corporation organized and existing under the laws of New York with a principal place of business at 355 Food Center Drive, Building E-5, Bronx, New York 10474. Meat Innovations distributes and is the source of meat products and is a licensee of Innovation Trademarks with respect to the trademark rights at issue herein.

4.      For the purposes of this Complaint, except where specified, the interests of Plaintiffs Innovation Trademarks, LLC and Meat Innovations Inc. are, as a practical matter, the same, and they are herein referred to individually and collectively as "Innovations."

5.      Upon information and belief, Defendant AVA Companies is a corporation organized and existing under the laws of New York, with a principal place of business at 383 West John Street, Hicksville, New York 11802. Upon information and belief, Defendant is a producer and distributor of meat.

6.      Upon information and belief, Defendant AVA Pork Products Inc. is a corporation organized and existing under the laws of New York, with a principal place of business at 383

2

West John Street, Hicksville, New York 11802. Upon information and belief, Defendant is a producer and distributor of meat.

7.      Upon information and belief, Defendant AVA Beef Products Inc. is a corporation organized and existing under the laws of New York, with a principal place of business at 383 West John Street, Hicksville, New York 11802. Upon information and belief, Defendant is a producer and distributor of meat.

8.      Upon information and belief, Defendant, Albert Girgenti is the principal owner and Chief Executive Officer of Defendants AVA Companies, AVA Pork Products Inc. and AVA Beef Products Inc.

## JURISDICTION AND VENUE

9.      This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367, because this case arises under the Federal Trademark Act, as amended, 15 U.S.C. §§ 1051, et seq., and because the state law claims are so related to the federal claims that they form part of the same case or controversy.

10.      This Court has personal jurisdiction over Defendants under New York Civil Practice Law and Rules §§ 301 and/or 302(a) because Defendants' place of incorporation and principal place of business is New York and because Defendants have transacted business in New York and have supplied or offered to supply goods in New York in connection with matters giving rise to this suit.

4820-3978-2552.3

11.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND OF PLAINTIFFS AND THE TRADEMARKS AT ISSUE

12.     Since at least as early as 1996, Innovations, and/or its predecessors in interest, has been distributing, offering for sale, and selling high quality American-raised, responsibly handled, USDA-certified ground beef and burger patties in the United States under the trademark KOBE BEEF AMERICA (hereinafter the "KOBE BEEF AMERICA Mark").

13.     As a result of its widespread, continuous, and exclusive use of the KOBE BEEF AMERICA Mark to identify its goods and Innovations as their source, Innovations owns valid and subsisting federal statutory and common law rights to the KOBE BEEF AMERICA Mark since long prior to the acts of Defendants complained of herein.

14.     Innovations is the owner of valid and subsisting United States Trademark Registration No. 2,820,026 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for the KOBE BEEF AMERICA Mark for packaged beef from Wagyu cattle. The registration of the KOBE BEEF AMERICA Mark was issued on March 2, 2004, and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Innovations' KOBE BEEF AMERICA Mark, the Notice of Acknowledgment of its Declaration of Incontestability, and the status of the registration as it appears on the USPTO's Trademark Status & Document Retrieval system.

15.     Since at least as early as 2008, Innovations, and/or its predecessors in interest, has been distributing, offering for sale, and selling high quality American-raised, responsibly

4

handled, USDA-certified ground beef and burger patties in the United States under the trademark STEAKHOUSE ELITE (hereinafter the "STEAKHOUSE ELITE Mark").

16.     As a result of its widespread, continuous, and exclusive use of the STEAKHOUSE ELITE Mark to identify its goods and Innovations as their source, Innovations owns valid and subsisting federal statutory and common law rights to the STEAKHOUSE ELITE Mark since long prior to the acts of Defendants complained of herein.

17.     Innovations is the owner of valid and subsisting United States Trademark Registration No. 3,478,870 on the Principal Register in the USPTO for the STEAKHOUSE ELITE Mark for beef.  The registration of the STEAKHOUSE ELITE Mark was issued on August 5, 2008, and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Innovations' STEAKHOUSE ELITE Mark, the Notice of Acknowledgment of its Declaration of Incontestability, and the status of the registration as it appears on the USPTO's Trademark Status & Document Retrieval system.

18.     Since at least as early as 2013, Innovations, and/or its predecessors in interest, has been distributing, offering for sale, and selling high quality American-raised, responsibly handled, USDA-certified ground beef and burger patties in the United States in distinctive packaging that includes a label with a black background, a gold border, and the image of a gold ribbon (hereinafter the "STEAKHOUSE Trade Dress").  Innovations' said packaging appears as follows:

5



19.     As a result of its widespread, continuous, and exclusive use of the

STEAKHOUSE Trade Dress to identify its goods and Innovations as their source, Innovations

owns valid and subsisting common law rights to the STEAKHOUSE Trade Dress since long

prior to the acts of Defendants complained of herein.

20.     The distinctive design of the STEAKHOUSE Trade Dress has no inherent

meaning, and the STEAKHOUSE Trade Dress is therefore inherently distinctive in identifying

Innovations' products.

21.     Innovations' STEAKHOUSE ELITE ground beef products have been enormously

successful, generating sales of over $100 million in the last seven years alone.

22.     Attached hereto as Exhibit 3 are photographs of representative samples of

Innovations' goods showing Innovations' use of the KOBE BEEF AMERICA Mark,

STEAKHOUSE ELITE Mark, and STEAKHOUSE Trade Dress in connection with ground beef

and burger patties.

## DEFENDANTS' UNLAWFUL ACTIVITIES

23.     Upon information and belief, Defendants AVA Companies, AVA Pork Products Inc., and AVA Beef Products Inc. are all owned and operated by Defendant Albert Girgenti.

24.     Upon information and belief, Defendants are engaged in the production, distribution, offering for sale, and selling of meat, including ground beef and burger patties.

25.     Without Innovations' authorization, and upon information and belief, beginning long after Innovations acquired protectable and exclusive rights in its KOBE BEEF AMERICA Mark, Defendants adopted and began using the mark KOBE BEEF AMERICAN in US commerce in connection with the production, distribution, advertising, promotion, offering for sale, and sale of their ground beef and burger patties.

26.     Upon information and belief, Defendants had actual knowledge of Innovations' KOBE BEEF AMERICA Mark at the time that Defendants adopted the mark KOBE BEEF AMERICAN.

27.     Upon information and belief, Defendants adopted the mark KOBE BEEF AMERICAN with a specific intent to trade upon the reputation of and goodwill in Innovations' KOBE BEEF AMERICA Mark.

28.     The KOBE BEEF AMERICAN Mark adopted and used by Defendants is likely to cause confusion among consumers because it is almost identical to Innovations' KOBE BEEF AMERICA Mark, is used on the same type of goods, and those goods travel in the same channels of trade.

4820-3978-2552.3

29.     Without Innovations' authorization, and upon information and belief, beginning long after Innovations acquired protectable and exclusive rights in its STEAKHOUSE ELITE Mark, Defendants adopted and began using the mark STEAKHOUSE RESERVE in US commerce in connection with the production, distribution, advertising, promotion, offering for sale, and sale of their ground beef and burger patties.

30.     Upon information and belief, Defendants had actual knowledge of Innovations' STEAKHOUSE ELITE Mark at the time that Defendants adopted the mark STEAKHOUSE RESERVE.

31.     Upon information and belief, Defendants adopted the mark STEAKHOUSE RESERVE with a specific intent to trade upon the reputation of and goodwill in Innovations' STEAKHOUSE ELITE Mark.

32.     The STEAKHOUSE RESERVE Mark adopted and used by Defendants is likely to cause confusion among consumers because it is highly similar in appearance to Innovations' STEAKHOUSE ELITE Mark, both sharing the term STEAKHOUSE followed by a laudatory term indicating quality, it is used on the same type of goods, and those goods travel in the same channels of trade.

33.     Without Innovations' authorization, and upon information and belief, beginning long after Innovations acquired protectable and exclusive rights in its STEAKHOUSE Trade Dress, Defendants adopted and began using highly similar packaging, comprising a label with a black background, a gold border, and the image of a gold ribbon (the "Infringing STEAKHOUSE Trade Dress"), in US commerce in connection with the production, distribution,

8

advertising, promotion, offering for sale, and sale of their ground beef and burger patties.

Defendants' said packaging appears as follows:



34.     Upon information and belief, Defendants had actual knowledge of Innovations'
STEAKHOUSE Trade Dress at the time that Defendants adopted the Infringing STEAKHOUSE
Trade Dress.

35.     Upon information and belief, Defendants adopted the Infringing STEAKHOUSE
Trade Dress with a specific intent to trade upon the reputation of and goodwill in Innovations'
STEAKHOUSE Trade Dress.

36.     The Infringing STEAKHOUSE Trade Dress adopted and used by Defendants is
likely to cause confusion among consumers because it is highly similar in appearance to
Innovations' STEAKHOUSE Trade Dress, both sharing a label with a black background, a gold
border, and the image of a gold ribbon, and it is used on the same type of goods and those goods
travel in the same channels of trade.

9

37.     For the purposes of this Complaint, Defendants' KOBE BEEF AMERICAN Mark and STEAKHOUSE RESERVE Mark are herein referred to collectively as the "Infringing Marks."  The Infringing Marks and the Infringing STEAKHOUSE Trade Dress are herein referred to collectively as the "Infringing Marks and Trade Dress."

38.     Attached hereto as Exhibit 4 is a photograph of representative samples of Defendants' goods, showing Defendants' use of its Infringing Marks and Trade Dress, next to representative samples of Innovations' goods, showing Innovations' use of its KOBE BEEF AMERICA Mark, STEAKHOUSE ELITE Mark, and STEAKHOUSE Trade Dress.

39.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Innovations.

40.     Indeed, although Plaintiff is aware of only one of the ten or more retail chains that distribute Defendants' accused products, that one grocery store chain displays the parties products intermingled, and the salespeople incorrectly advise customers they are made by the same company or related companies.

41.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Innovations' KOBE BEEF AMERICA Mark, STEAKHOUSE ELITE Mark, and STEAKHOUSE Trade Dress, cause confusion and deception in the marketplace, and divert potential sales of Innovations' goods to the Defendants.

42.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Innovations and to its valuable reputation and goodwill with the consuming public for which Innovations has no adequate remedy at law.

## COUNT I
### Federal Trademark Infringement Under 15 U.S.C. § 1114(1)

43.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 42 hereof, as though fully set forth herein.

44.     Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Innovations, or that Defendants are in some way affiliated with or sponsored by Innovations. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Innovations' prior rights in the KOBE BEEF AMERICA Mark and STEAKHOUSE ELITE Mark and with the willful intent to cause confusion and trade on Innovations' goodwill.

46.     Defendants' conduct is causing immediate and irreparable harm and injury to Innovations, and to its goodwill and reputation, and will continue to both damage Innovations and confuse the public unless enjoined by this court. Innovations has no adequate remedy at law.

11

47.      Innovations is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
### Unfair Competition Under 15 U.S.C. § 1125(a)

48.      Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 47 hereof, as though fully set forth herein.

49.      Defendants' unauthorized use in commerce of the Infringing Marks and Trade Dress as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Innovations, or that Defendants are in some way affiliated with or sponsored by Innovations.

50.      Defendants' unauthorized use in commerce of the Infringing Marks and Trade Dress as alleged herein constitutes use of a false designation of origin.

51.      Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Innovations.

52.      Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

4820-3978-2552.3

53.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Innovations, and to its goodwill and reputation, and will continue to both damage Innovations and confuse the public unless enjoined by this court. Innovations has no adequate remedy at law.

54.     Innovations is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III
### Deceptive Practices and Acts Under New York GBL § 349

55.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 54 hereof, as though fully set forth herein.

56.     The aforesaid acts of Defendants constitute deceptive acts or practices in the conduct of business, trade, or commerce in New York State in violation of Section 349 of the New York General Business Law.

57.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT IV
### Injury to Business Reputation or Dilution Under New York GBL § 360-l

58.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 57 hereof, as though fully set forth herein.

13

59. Defendants' use in commerce of the Infringing Marks and Trade Dress is likely to create associations that will impair the distinctiveness of Innovations' KOBE BEEF AMERICA Mark, STEAKHOUSE ELITE Mark, and STEAKHOUSE Trade Dress.

60. The aforesaid acts of Defendants are likely to blur the distinctive quality of Innovations' KOBE BEEF AMERICA Mark, STEAKHOUSE ELITE Mark, and STEAKHOUSE Trade Dress in violation of Section 360-l of the New York General Business Law.

61. Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT V
## Common Law Trademark Infringement and Unfair Competition

62. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 61 hereof, as though fully set forth herein.

63. Defendants' unauthorized use in commerce of the Infringing Marks and Trade Dress as alleged herein is likely to confuse and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Innovations, or that Defendants are in some way affiliated with or sponsored by Innovations.

64. The aforesaid conduct of the Defendants constitutes the infringement of Innovations' common law rights in the KOBE BEEF AMERICA Mark, STEAKHOUSE ELITE

14

Mark, and STEAKHOUSE Trade Dress and unfair competition in violation of the common law of the State of New York.

65.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

66.     Innovations is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, punitive damages, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1.     Preliminarily and Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from using the names or marks KOBE BEEF AMERICAN, STEAKHOUSE RESERVE, or the Infringing STEAKHOUSE Trade Dress, or any other names or marks or trade dress that is likely to cause confusion, to cause mistake or to deceive with respect to KOBE BEEF AMERICA, STEAKHOUSE ELITE, or the STEAKHOUSE Trade Dress, from otherwise infringing or diluting the KOBE BEEF AMERICA, STEAKHOUSE ELITE, or the STEAKHOUSE Trade Dress, or from competing unfairly with Plaintiffs.

2.      Awarding Plaintiffs all damages to and costs incurred by them because of Defendants' infringing activities and other conduct complained of herein, in an amount to be determined at trial but believed to be in excess of $10 million, together with all profits of Defendants.

3.      Awarding Plaintiffs an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

4.      Awarding Plaintiffs punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

5.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiffs their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

6.      Awarding Plaintiffs interest, including prejudgment and post-judgment interest, on the foregoing sums.

7.      Awarding such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. Rule 38, Plaintiffs request a trial by jury of any issues so triable by right.

Dated:   May 31, 2019

Respectfully submitted,

/s/ Jonathan Moskin
Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone:  212-682-7474
E-mail:jmoskin@foley.com

*and*

Eoin Connolly
FOLEY & LARDNER LLP

3000 K Street NW, Suite 600
Washington, DC 20007
Telephone:  202-295-4160
E-mail:econnolly@foley.com

*Attorneys for Plaintiffs*
*Meat Innovations Inc. and Innovation*
*Trademarks, LLC*

17